# Case No. 15,072.
## UNITED STATES v. FARNSWORTH.
[1 Mason, 1.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1815.

CUSTOMS DUTIES—CONCEALMENT OF GOODS—RESISTING SEIZURE.

1. What constitutes a concealment of goods within the 69th section of the collection act of March 2, 1799, c. 128 [1 Story's Laws, 632; 1 Stat. 678, c. 22.]?

2. If an officer of the customs seizes goods, a party, who resists the seizure, is not guilty of concealment within the statute, merely by such act of resistance; although the goods are taken away, and wholly removed from the custody of the officer in consequence thereof.

[2] [From 11 N. Y. Leg. Obs. 161.]
[1] [Reported by William P. Mason, Esq.]

This was a writ of error upon a judgment of the district court, in an action of debt brought by the United States against the defendant, to recover the penalty prescribed by the 69th section of the collection act of March 2, 1799, c. 128 [1 Story's Laws, 632; 1 Stat. 678, c. 22], for concealing goods, knowing them to have been unlawfully imported. At the trial in the district court, evidence was offered to show, that certain packages of goods were concealed in a stable of Mrs. Trask in Boston, and were there seized by certain custom-house officers; that at the time of the seizure, the defendant, with other persons, did attempt to rescue the goods so seized. threw a great part of them out of the window of the stable, and finally, by their resistance of the officers, and throwing the goods out of the window, succeeded in depriving the officers of the possession and custody of a great portion of the goods, so that they were never afterwards found.

The district attorney, upon this evidence, prayed the court to instruct the jury, "that, whether the defendant were or were not concerned in, or privy to, the original concealment of the packages of merchandise referred to, in the stable of Mrs. Trask, still if they should be satisfied, that the defendant was in fact knowingly concerned in impeding the seizing officer or his assistants in the execution of their duty, and in casting the packages from the window of the stable in the manner represented by the witnesses, whereby the seizing officer was deprived of his possession of them, and thus the goods were removed and put away, so that the said officer could not afterwards find or get possession of them, that this would amount, in point of law, to a concealment of the said packages and goods, within the true intent and meaning of the provisions of the 69th section of the act of March 2, 1799, c. 128 [1 Story's Laws. 632; 1 Stat. 678, c. 22]. But the court did, then and there, refuse so to direct or instruct the jury; and, on the contrary, did instruct the jury, that if they were not satisfied by the evidence adduced. that the defendant was concerned in the original concealment of the packages and goods in the stable of Mrs. Trask, or in a subsequent concealment; and if his only offence was in resisting the searching officer and his assistants, and in throwing the packages out of the stable window, in the manner stated by the witnesses for the United States, then he could not be lawfully convicted upon this suit under the 69th section of the act, though the officer was deprived of the possession of the goods by such proceedings on the part of the defendant, and could not afterwards recover the possession of said goods." [Case unreported.]

It was contended, on the part of the United States, that there was error both in the refusal, and in the direction of the district court.

G. Blake, for the United States.
W. Sullivan, for defendant.

STORY, Circuit Justice. The question resolves itself into this, whether the mere acts of resisting the officers of the customs, and casting the packages of goods out of the window of the stable, whereby they were entirely removed from the possession and custody of the officers, constituted per se in point of law a concealment of the goods. I cannot yield to the argument, that endeavours to maintain the affirmative. Neither the act of resisting the officers, nor of throwing the goods out of the window, is of itself a concealment, although it may have led to a concealment within the statute. The defendant may have concurred in either or both of these acts, and yet may not have been party to the subsequent removal and concealment of the goods. On the other hand, a person may have concealed the goods, who did not concur in the previous resistance of the officers, or the removal of the goods from the stable. If this be true, then the conduct of the court, both in the refusal and in the instruction to the jury, was perfectly correct. It is quite another question, whether the evidence would not have warranted the jury to infer, that the defendant was a party to the concealment, as well before as after the seizure. This, however, was a fact exclusively for their consideration, and in respect to which the charge of the court did not at all interfere. On the whole, the judgment of the court below must be affirmed.